UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

          Plaintiff,

   v.

KELVIN ANTHONY PRATCHER, JR.,

          Defendant.

_____/

No. 1:26-cr-00039-JMB

Hon. Jane M. Beckering
U.S. District Judge

## PLEA AGREEMENT

This constitutes the plea agreement between KELVIN ANTHONY PRATCHER, JR. and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1.    <u>Plea to Information</u>. Defendant gives up the right to Indictment by a grand jury and agrees to plead guilty to the Felony Information, charging possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(vi).

2.    <u>Defendant Understands the Crime</u>. In order for Defendant to be guilty of violating Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(vi), the following must be true:

    a. Defendant knowingly and intentionally possessed 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and a quantity of etonitazene, a Schedule I controlled substance; and

    b. Defendant intended to distribute the controlled substances.

Defendant is pleading guilty because Defendant is guilty of the charge described above.

3.    Sentencing Enhancement Under 21 U.S.C. §§ 841, 851. The Felony Information charges Defendant with possession with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl. Defendant understands that this count is normally punishable by a minimum prison term of 5 years, a maximum prison term of 40 years, a fine of up to $5,000,000, a period of supervised release following incarceration of at least 4 years, and a mandatory $100 special assessment.  Defendant, however, has at least one prior serious drug felony conviction and will be admitting guilt to the information referenced below. The existence of the prior conviction will enhance Defendant's sentence.  Accordingly, the Felony Information will be punishable by a minimum prison term of 10 years, a maximum prison term of life, a fine of up to $8,000,000, a period of supervised release following incarceration of at least 8 years, and a mandatory $100 special assessment.

a. On or about April 14, 2008, in the 2nd Circuit Court for the State of Michigan (Berrien), Defendant was convicted of controlled substance – delivery/manufacture (cocaine, heroin, or another narcotic) less than 50 grams, in violation of Mich. Compiled Laws § 333.7401(2)(a)(iv), Case No. 2008-401257, a serious drug felony, for which Defendant served more than 12 months in prison, and for which he was released from serving the term of imprisonment related to that offense within 15 years of the commencement of the offense charged in the Felony Information.

2

4.    <u>Mandatory Minimum Sentence</u>.  The statutory mandatory minimum sentence that the Court must impose for a violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(vi), and 851 is 10 years in prison.

5.    <u>Assessments, Restitution, Other Criminal Monetary Penalties, and Financial Cooperation</u>.

a.    <u>Assessment</u>. Defendant agrees to pay the special assessment on the day of sentencing.

6.    <u>Probation/Parole/Supervised  Release  Revocation</u>.    Defendant understands that if Defendant is presently on probation in another case, the conviction in this case may result in revocation of such probation.

7.    <u>Supervised Release Defined</u>.  Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements.  Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.    <u>Factual Basis of Guilt</u>.  Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

   a. On May 7, 2024, investigators executed a search warrant at Defendant's apartment on Danford Creek Drive in Kalamazoo, Michigan, within the Western District of Michigan. Defendant was exiting the apartment as investigators executed the warrant. Inside the apartment, investigators found baggies containing 2.18 grams of fentanyl, a Schedule II controlled substance; 44.16 grams of a mixture or substance containing

3

a detectable amount of fentanyl, a Schedule II controlled substance; and 40.23 grams of etonitazene, a Schedule I controlled substance. Defendant knowingly and intentionally possessed these controlled substances and intended to distribute the controlled substances.

9.    Acceptance of Responsibility.  The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines.  However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1.  Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

10.    Government's Sentencing Recommendation. The U.S. Attorney's Office agrees not to seek a sentence of imprisonment above the high-end of the applicable Sentencing Guidelines range, i.e., an upward variance, unless it subsequently learns of conduct by Defendant that is inconsistent with acceptance of responsibility as set forth in the commentary to section 3E1.1 of the Guidelines.

11.    The Sentencing Guidelines.  Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant. Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing.  Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the

4

presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum and minimum penalties described elsewhere in this Agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

12.    The Parties Jointly Agree to the Following:

a.    Stipulations Regarding Guidelines Factors: Defendant and the U.S. Attorney's Office agree and stipulate to the following applicable Sentencing Guidelines factors: the base offense level is 28, based on at least 700KG but less than 1,000KG of converted drug weight involving fentanyl and methamphetamine mixture, USSG § 2D1.1(c)(6). Defendant and the U.S. Attorney's Office reserve the right to argue that additional specific offense characteristics, adjustments and variances are appropriate. Furthermore, Defendant understands that Defendant's base offense level could be increased if he is a career offender under Sentencing Guidelines §§ 4B1.1 and 4B1.2. If Defendant's offense level is so altered, the parties are not bound by the base offense level stipulated to above.

b.    Stipulations Regarding Criminal History. There is no agreement as to Defendant's criminal history or criminal history category.

c.  <u>Stipulations Not Binding in Court</u>. Defendant understands that neither the United States Probation Office nor the Court is bound by any stipulation in this agreement, and that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing.  Both Defendant and the U.S. Attorney's Office are free to supplement the facts stipulated to in this agreement by supplying relevant information to the United States Probation Office and the Court, and to correct any and all factual misstatements relating to the calculation of the sentence.  Defendant understands that if the Court finds facts or reaches conclusions different from those in any stipulation contained in this agreement, Defendant cannot, for that reason alone, withdraw his guilty plea.

13.    <u>Otherwise No Agreement About the Final Sentencing Guidelines Range</u>. Except for the agreement regarding base offense level above, Defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range.  Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments and variances.

14.    <u>Waiver of Constitutional Rights</u>.  By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court.  As a result of Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

a. The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

c. The right to confront and cross-examine witnesses against Defendant.

d. The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

e. The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

f. By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

15. <u>Waiver of Appellate Rights</u>. Defendant gives up his right to directly appeal his conviction, sentence, or any other matter relating to this prosecution on any ground, except as to claims that the sentence exceeds the statutory maximum.

16. <u>FOIA Requests.</u> Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this

case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

17.     The Court is not a Party to this Agreement.  Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed.  Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all of his obligations under this agreement. Defendant understands that no one—not the prosecutor, Defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory minimum and maximum.

18.     This Agreement is Limited to the Parties.  This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by Defendant.  This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

19.     Consequences of Breach.  If Defendant breaches any provision of this agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement.  In the event that the United States elects to terminate this agreement,

8

the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed.  In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant.  Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

20.    This is the Complete Agreement.  This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties.  No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

21.    Deadline for Acceptance of Agreement.  If a copy of this agreement, executed by Defendant and defense counsel, is not returned to the U.S. Attorney's Office by April 13, 2026, this agreement will be withdrawn automatically and will thereafter have no legal effect or force, unless the U.S. Attorney's Office, in its sole discretion, chooses to accept an executed agreement after that date.

TIMOTHY VERHEY
United States Attorney

April 16, 2026
_____

Date

_____

DANIEL T. McGRAW
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement.  No promises or inducements have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  Finally, I am satisfied with the representation of my attorney in this matter.

4/15/26
_____

Date

_____

KELVIN ANTHONY PRATCHER, JR.
Defendant

I am KELVIN ANTHONY PRATCHER, JR.'s attorney.  I have carefully discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement.  To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

04/15/2026
_____

Date

_____

JAMES S. FISHER
Attorney for Defendant

10